



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 7, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

> Opinion No. O-288
> Re: Secretary of State to approve
> all accounts against the State
> in favor of the Comptroller,
> but not to approve any other
> accounts.

This is in answer to your letter of February 24, 1939,
in which you say:

> "The Comptroller has certain accounts in
> the Suspense Fund authorized under Article
> 4388. The attached clearance for refund is
> payable against the account in the Refund Sus-
> pense Account. Please advise this department
> whether the Secretary of State is required to
> approve this refund clearance claim, under
> Article 4345."

The "clearance for refund", which you attached to your
letter, indicates that the Texas Star Oil Distributing Company,
of Corpus Christi, Texas, was formerly a motor fuel distributor,
and in compliance with the law deposited $1,000.00 in the Sus-
pense Account of the State Treasury, as provided in Article
7065a-6 of the Revised Civil Statutes of Texas, which provides
that before obtaining a permit to do business a motor fuel dis-
tributor shall execute a surety bond or comply with paragraph (d),
which is as follows:

> "That in lieu of giving a bond, any dis-
> tributor may deposit in the Suspense Account
> of the State Treasury, money in the amount of
> the bond that may be required, which shall
> never be released until securities are substi-
> tuted for the same or a bond executed in lieu
> thereof, or until the Comptroller has made a

Hon. Geo. H. Sheppard, March 7, 1939, Page 2

complete and thorough investigation and author-
ized the same to be released; * * *"

It appears that the Texas Star Oil Distributing Com-
pany has ceased operations and is not indebted to the State, and
the Comptroller has authorized this sum of $1,000.00 to be re-
leased.

You desire to know whether or not Article 4345 applies
to this account. The number of this Article in the year 1917
was 4330; and it was construed in an Attorney General's opinion
written December 18, 1917, by C. W. Taylor, Assistant Attorney
General under Hon. B. F. Looney. We have been unable to find
any other Attorney General's opinion, or any court opinion con-
struing this statute. In view of the fact that we believe Mr.
Taylor's opinion answers your question, and that its reasoning
is unquestionably sound, we are adopting the entire opinion,
and quoting it as follows:

"Hon. W. D. Cope, Care Investigating
Committee No. 6,
Capitol.
Dear Sir: The Attorney General has your let-
ter of December 15th, asking for a construct-
ion of Article 4336 Revised Civil Statutes of
1911.

"Replying thereto, we beg to say that
Article 4336 Revised Civil Statutes of 1911,
is in the following language:

"'Aricle 4336. Comptroller's account to
be approved by Secretary of State. --The account
of the Comptroller against the State shall not
be passed to the Treasurer until approved by
the Secretary of State.'

"So far as we are able to determine the
above article has never been before the courts
of the State for a construction, and we are
left to the language of the Statute to deter-
mine its meaning.

"We find that this provision of the Statute
first found its place in the laws of this State
as Section 15 of the Act approved April 11, A.D.
1846, being an act to define the duties of the
Comptroller of Public Accounts of the State of
Texas, such section being as follows:

"'Section 15. Be it further enacted, the accounts of the Comptroller against the State shall not be passed to the Treasurer until approved by the Secretary of State.'

"It will be noted that the only variance between the present Statute and that of 1846 is that the word 'account' in the present Statute is in the singular, while in the Act of 1846 the same word appears in the plural. This is an immaterial variance between the two articles for the reason that under our rules of construction the singular and the plural number shall each include the other unless otherwise expressly provided. (See Article 5502 Revised Statutes of 1911).

"Section 15 of the Act of 1846 became Article 143 of Hartley's Digest of the Laws of Texas (1850), and it appears in the identical form used in the act of 1846 as Article 5427 of Paschal's Digest. In the Revised Statutes of 1879 it appears as Article 2755 and for the first time in its history as a portion of the Statutes of this State this Article appears with the word 'account' in the singular form. Otherwise it is identical with the Act of 1846. This Article was carried into the Statutes of 1895 as Article 2843 and is there in the same form as it now appears.

"An Act of the Third Called Session of the Thirty-first Legislature approved August 19, 1910, provided for the election, qualification, bond and duties of the Comptroller and his employes; provided complete system of accounting and bookkeeping and auditing for said department with the other departments and officers of the government. This Act expressly repealed all Articles contained in Chapter 2 of Title 52 of the Statutes of 1895 in which Chapter and Title is to be found Article 2843 above referred to. Section 16, however, of this Act is in the following language:

"'The account of the Comptroller against the State shall not be passed to the Treasurer until approved by the Secretary of State.'

"It is in this form that the provision appears in the Statutes of 1911. The above history of this legislation shows this provision to be continually in force in this State from the date of its original enactment in 1846.

"Coming now to the purpose and meaning of this statutory provision, we find that Article 4320 of the Revised Statutes of 1911, being Section 10 of said Act of 1910, provides that the Comptroller shall audit the claims of all persons against the State in cases where provisions for the payment thereof have been made by law, unless the auditing of any such claim shall be otherwise specially provided for.

"The Comptroller thus being made the auditor of accounts against the State presented for payment, it appears that unless some other authority is authorized to audit accounts filed by the Comptroller's department no such audit could be made, and it is our opinion that the Legislature by enacting what is now Article 4336 intended that all accounts drawn by the Comptroller or his department against the State should be audited by the Secretary of State before warrants therefor were issued and same presented to the treasury for payment.

"We therefore advise you that in our opinion it is the duty of the Comptroller to present to the Secretary of State for his approval all accounts against the State in favor of the Comptroller, or his department, or any member thereof, and that before warrants are drawn by the Comptroller the accounts upon which the same are based should bear the approval of the Secretary of State."

This opinion written during Attorney General Looney's administration shows that the statutes in regard to this question were the same then as they are now. The Comptroller (as now provided in Article 4344) shall be the auditor of all claims against the State; but in order for some one to check the Comptroller it was provided in the next article (now Article 4345, and formerly Article 4336) that the claims in favor of the Comptroller, those in which he would be interested, should be approved by the Secretary of State.

Our answer to your question is that Article 4345 (formerly Article 4336) requires that the Secretary of State approve all accounts against the State in favor of the Comptroller, or his department, or any member thereof, but that the "clearance for refund" which you submitted to us is not an account against the State in favor of the Comptroller, and therefore it does not require the approval of the Secretary of State.

Hon. Geo. H. Sheppard, March 7, 1930, Page 5

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   *Cecil C. Rotsch*

Cecil C. Rotsch
Assistant

CCR-MR

APPROVED:

ATTORNEY GENERAL OF TEXAS